## MEDD *v.* DOWNING et al.

Money deposited with a sheriff, under art. 3034 of the Civil Code, as security for the release of property provisionally seized, must be restored to the depositor on the dissolution of the seizure.

APPEAL from the District Court of Jefferson, *Clarke*, J. *Hiestand*, for the appellant. No counsel appeared for the defendants. The judgment of the court was pronounced by

EUSTIS, C. J. On the 12th of July, 1847, the plaintiff deposited with the defendant *Dewees*, sheriff of the parish of Jefferson, $325, as security for the release of a raft of timber, which the sheriff had seized in the suit of *Downing* v. *Russell*, which sum was to be restored to him on his giving security according to law, and took from him a written receipt to that effect. The writ of provisional seizure under which the raft had been taken was, on motion, set aside, and the raft released from seizure. *Medd*, the plaintiff, had intervened in the suit of *Downing* v. *Russell*, and claimed the raft as his property; but, it being released, there was nothing on which his intervention in that suit could rest, and it was accordingly dismissed. Judgment was rendered in that suit for $250 and costs, in favor of the plaintiff *Downing*.

*Medd* has sued to recover from *Dewees* the amount deposited with him as a security for the value of the raft. The district judge dismissed the plaintiff's petition on the ground that he had failed to show a compliance with the condition of giving security as stated in the receipt, and the plaintiff has appealed.

The amount deposited by the plaintiff in the hands of the sheriff to effect the release of the seizure of the raft must be considered as received and retained by that officer, under article 3034 of the Code, which authorizes the receipt of money by public officers on deposit, in lieu of security, in cases in which security is required to be given. The *property* having been released from seizure, the sheriff can no more keep the amount deposited than he could recover in an action against the plaintiff had the latter given his forthcoming bond for the raft, instead of having made the deposit.

The defendant *Dewees* alleges as a ground of defence, that he has seized the money under a *fieri facias* issued in the suit against *Russell* ; but there is no evidence showing that the money was *Russell's*. There is nothing in the bill of exceptions taken to the exclusion of evidence by the district judge.

It is, therefore, adjudged that the judgment appealed from ·be reversed, and that the plaintiff recover from the defendant, *Dewees*, the amount of the deposit made with him as sheriff of ·the parish of Jefferson, to wit, the sum of $325, with interest from the judicial demand, and costs in ·both courts.